

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 16, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1318.

Re: Legality of the Texas
Employment Commission
purchasing evaporative
air cooling units.

Dear Sir:

You have requested the opinion of this office
concerning the authority of your department to issue a
warrant to cover the purchase of evaporative cooling
units by the Texas Employment Commission as reflected
in the voucher submitted by that agency for your ap-
proval. We were subsequently informed that you are in-
quiring only about the applicability of House Concurrent
Resolution 38, Acts 52nd Legislature, 1951, to the pur-
chase of these devices, rather than the general author-
ity of your department with respect to the approval of
Texas Employment Commission expenditures.

House Concurrent Resolution 38 prohibits State
agencies from purchasing new air conditioning equipment,
except under certain conditions. Att'y Gen. Op. V-1269
(1951). The Texas Employment Commission does not fall
within any of these exceptions. The resolution was
signed by the Governor on May 10, 1951, and therefore
became effective at that time. Tex. Const. Art. IV,
Sec. 15. The evaporative coolers in question were or-
dered on June 29, 1951, and, if classed as "air condi-
tioning units," they are subject to the restrictions of
the resolution.

In our Opinion V-1269, we defined an air con-
ditioning unit as "an apparatus used to reduce the tem-
perature and affect the humidity of the air in an enclosed
space." On the basis of that definition, we held that
an ordinary air circulating or exhaust fan is not covered
by the provisions of House Concurrent Resolution 38. An
evaporative cooler, however, is more than just a fan. It
contains a fan or other similar blowing device, of course,

but the agency for moving the air is built into combination with other devices such as pads, screens, or filters, and a moistening apparatus, which cool the air introduced into the unit. Thus the evaporative cooler not only moves the air but affects air temperature as well. In other words, a fan cools by air motion, an evaporative cooler by air conditioning.

In discussing the technical aspects of cooling air by drawing it through a fine water spray or a water soaked mat, an official of an air conditioning company has said: "This process is termed adiabatic saturation which means saturation without the addition of heat. Cooling in this manner . . . is called evaporative cooling." 1 Encyclopedia Americana (1946 Ed.) 287. See also 1 Encyclopedia Britannica (1945 Ed.) 444. The evaporative cooler is but one of several artificial means of reducing the temperature of air. Before the development of refrigeration type equipment, this process, in one form or another, constituted the exclusive method of cooling air. Although usually less efficient and less expensive than refrigeration type equipment, devices which cool the air by means of this process are regarded as a type or kind of air conditioner by experts in the field. Therefore, we are of the opinion that an evaporative cooling unit is an "air conditioning unit" within the provisions of House Concurrent Resolution 38.

House Concurrent Resolution 38 was in effect at the time the Texas Employment Commission ordered these evaporative coolers. Having concluded that an evaporative cooling unit is an "air conditioning unit" subject to the restrictions of the resolution, we must hold that your department is not authorized to issue a warrant to cover the purchases listed on the voucher submitted by the Texas Employment Commission.

## SUMMARY

An evaporative cooling unit is an "air conditioning unit" within the provisions of House Concurrent Resolution 38, Acts 52nd Legislature, 1951, and the Comptroller of Public Accounts is not authorized to issue

warrants in payment for new units or-
dered by a State agency after the effec-
tive date of the resolution.

APPROVED:                          Yours very truly,

David B. Irons                        PRICE DANIEL
Administrative Assistant          Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews               By *Calvin B. Garwood, Jr.*
First Assistant                        Calvin B. Garwood, Jr.
                                                Assistant


CBG:em